IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MATTHEW WARREN BRIGHT | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:23-CV-447 (CAR) |
| | : | |
| NAVICENT HEALTH, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

*Pro se* Plaintiff Matthew Warren Bright filed an employment discrimination and retaliation suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Defendant Navicent Health, Inc. ("Navicent"). Plaintiff asserts Defendant unlawfully terminated him based on his race for his failure to comply with Defendant's hair length policy—a policy Plaintiff claims results in a disparate impact to African Americans—and in retaliation for his complaint about the policy.  Before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having considered the Motion, the pleadings, and the applicable law, Defendant's Motion to Dismiss [Doc. 4] is **GRANTED in part and DENIED in part**. Plaintiff has sufficiently stated a claim for retaliation, but he has failed to sufficiently state claims for disparate treatment and disparate impact.

Because Plaintiff is *pro se*, the Court must afford him an opportunity to amend his Complaint to state viable claims for disparate treatment and disparate impact.[1] Thus, Plaintiff may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint will take the place of and supersede Plaintiff's original complaint.[2] Thus, if Plaintiff files an amended complaint, Plaintiff must include all claims, including his retaliation claim, in the amended complaint.

Plaintiff's failure to file an amended complaint will result in the dismissal of his discriminatory termination and disparate impact claims; his retaliation claim will proceed forward.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[3] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[4] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] The plausibility standard requires that a plaintiff

---

[1] *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).
[2] *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).
[3] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Id.*

allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[6]

When determining the adequacy of the allegations in the complaint, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[7] Nevertheless, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[8]

## BACKGROUND

Plaintiff, an African American male, began his employment with Defendant Navicent on February 1, 2016.[9] Plaintiff worked in the Patient Access Department of the Emergency Center,[10] and Defendant promoted him to Navigation Specialist Team Lead on April 18, 2020.[11]

Navicent had Personal Appearance Guidelines ("Guidelines") which governed its employees and stated in pertinent part:

> B. Hair
> Hair shall be kept clean, neatly trimmed and may not cover the teammate's eyes.

---

[6] *Bell Atlantic Corp.*, 550 U.S. at 556.
[7] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[8] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[9] EEOC Charge of Discrimination, p. 1 [Doc. 1-2].
[10] Doc. 1-2, p. 12.
[11] *Id.* at p. 2.

- For teammates involved in patient care, or who have patient interaction, any hair that is past shoulder length must be secured and held back for safety and infection control.
- Extreme hairstyles such as excessive teasing (over 2" in height), mohawks or extreme hair coloring are not acceptable. Hair color must be a neutral shade.
- . . .
- Facial hair shall be neat, clean and appropriately trimmed and should be no longer than 1 inch in length.[12]

At the time of the events in this action, Plaintiff wore a beard longer than 1 inch and wore his natural hair "in an afro hairstyle" that exceeded the two-inch maximum.[13] Plaintiff states he has worked for Defendant for five years and been promoted "with said afro."[14]

On January 8, 2021, Plaintiff's manager met with Plaintiff, informed him he must comply with the Guidelines, and instructed him not return to work until he complied with the hair length requirements.[15] After the meeting, Plaintiff's manager sent the following email memorializing their meeting:

> Per our conversation of 1/8/2021, you have been instructed that you cannot report back to your scheduled shift until your beard is cut down to 1 inch in length per hospital policy and your hair must be pulled back or braided down and cannot extend 2 inches when teased out per hospital policy. As discussed, you can speak with Human resources regarding your disagreement about the "excessive" hair policy regarding an afro. Your next scheduled shift is tonight, 1/8/2021, so this needs to be taken care of today.[16]

---

[12] Personal Appearance Guidelines [Doc. 1-2, p. 7].
[13] Doc. 1-2, p. 11.
[14] Plaintiff's Response to Defendant's Motion to Dismiss [Doc. 6, p. 7].
[15] Compl., Statement of Claim [Doc. 1, p. 7; Doc. 1-2, p. 7].
[16] January 8, 2021 Email to Plaintiff from Elizabeth Edwards, Manager, Patient Access [Doc. 1-2, p. 8].

Plaintiff "did not report to work for three consecutive days due to not cutting facial hair to one inch or pulling hair back to not exceed two inches in height."[17] He did not "make his manager aware of his absence" and "informed team members to work overtime in his absence."[18]

On January 12, 2021, Plaintiff was again instructed "to cut [his] hair."[19] In response, Plaintiff sent an email to Navicent's human resources department to "make them aware that their 'hair height' policy racially discriminated against him and African Americans (in general)."[20] In his email Plaintiff admitted that his "afro does exceed the 2 inch maximum listed in th[e] policy & [he] was told by an HR representative that [he]'d have to cut [his] hair to the 2 inch mark in order to wear [his] afro,"[21] but he complained that the hair policy "indirectly discriminates against African Americans [as] [m]ost African American hair naturally grows 'up & out' while most Caucasian hair naturally grows 'straight & down," and he pleaded that Defendant consider changing its policy.[22]

Two days after he complained about the Guidelines, on January 14, 2021, Plaintiff again met with his manager and two other supervisors, and he was given a written warning resulting in his demotion from the Team Lead position and placed on 12

---

[17] Doc. 1-2, p. 12.
[18] *Id.*
[19] Charge of Discrimination [Doc. 1-2, p. 1].
[20] Compl., Statement of Claim.
[21] January 12, 2021 email from Plaintiff to Angela Free [Doc. 1-2, p. 11].
[22] *Id.*

months' probation for five stated reasons: his (1) failure to adhere to the Guidelines; (2) failure to receive permission from management to assign overtime; (3) returning to the premises after being informed by his supervisor not to return until he followed the dress code; (4) returning to the unit after being informed he was not to return to the workplace until he met with his supervisor; and (5) discussing matters with teammates "which should be discussed on a leadership level."[23] The written warning explained that "[o]ver the past two years, [Plaintiff's] manager ha[d] spoken to him on at least 4 or more occasions citing his hair and facial hair was outside of [Defendant's] Personal Appearance Standards and he need[ed] to adhere to the policy."[24] Plaintiff was warned that "failure to adhere to any other rules of conduct, moving forward will result in further disciplinary action up to and including termination."[25]

Four days later, on January 18, 2021, Plaintiff was terminated from employment. The termination letter stated:

> On January 14, 2021 at 2:00 p.m. you attended a meeting with Candice Spicer, Elizabeth Edwards and Teresa Walston. In this meeting you received a written warning resulting in 12-month probation and a demotion. Per the conversation, you were advised to notify your manager Elizabeth Edwards on Monday, January 18, 2021 by 12:00 p.m. if you would return to work for your scheduled shift in compliance with hospital appearance policy. This policy required you to comply with hair and facial hair guidelines. Your next scheduled shift to work is Monday, January 18, 2021 at 11:00 p.m. You called your manager Elizabeth Edwards on January 18, at around 4:30 pm and

---

[23] Written Warning [Doc. 1-2, p. 12].
[24] *Id.*
[25] *Id.* at p. 13.

6

stated you are ready to return with facial hair cut but you are not willing to cut your hair. You were then contacted by your director Candice Spicer and you stated you are prepared and willing to return to work but will not comply with the height of the hair requirement. I informed you, for you to return to work and continue to be employed, you must comply with the hair requirements outlined in our personal appearance guidelines. You stated you would not change your hair.

[Plaintiff], you are being discharged from Navicent Health as outlined in the document you received on January 14th. Please return any other property of Navicent Health to the Human Resources Office on New Street. Any personal belongings left on site will be boxed up and taken to Human Resources.

We wish you the best as you move forward with your future endeavors.[26]

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming Defendant terminated him based on his race and in retaliation for complaining Defendant's policy was discriminatory.[27] On August 18, 2023, the EEOC issued Plaintiff notice of his right to sue, and Plaintiff timely filed this action bringing claims under Title VII for disparate treatment, retaliation, and disparate impact. Defendant now moves to dismiss Plaintiff's claims.

## DISCUSSION

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[28] Rule 10(b) further provides that the claims in a complaint must be stated "in numbered paragraphs, each limited as far as practicable

---

[26] Doc. 1-2, p. 14.
[27] Charge of Discrimination [Doc. 1-2, p. 1].
[28] Fed. R. Civ. P. 8(a)(2).

to a single set of circumstances."[29]  In addition to these procedural requirements, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[30]  A claim is "facially plausible" when it is supported with facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] "Although courts must make reasonable inferences in Plaintiffs' favor at the pleading stage, we are not required to draw every inference that the plaintiff suggests."[32] While Plaintiff is not required to specifically plead these requirements in his complaint, he must "provide enough factual matter (taken as true) to suggest intentional race discrimination."[33]

*Pro se* pleadings must be construed liberally, and the allegations of a *pro se* complaint are held "to less stringent standards than formal pleading drafted by lawyers."[34] But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."[35] And "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."[36] "Thus, at a minimum, notice pleading requires that a

---

[29] Fed. R. Civ. P. 10(b).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[31] *Id*.
[32] *Powers v. Secretary, U.S. Homeland Security*, 846 F. App'x 754, 757 (11th Cir. 2021) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).
[33] *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).
[34] *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).
[35] *Id*. at 1168-69.
[36] *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory."[37]

A. <u>Discrimination Claims</u>

In his *pro se* Complaint, Plaintiff raises both a disparate treatment and a disparate impact claim, but, as explained below, he fails to allege sufficient factual allegations to state any claim for relief. Because Plaintiff is proceeding *pro se*, however, the Court must allow him an opportunity to amend his Complaint.

1. <u>Disparate Treatment</u>

Title VII makes it unlawful for an employer to discharge or discriminate against an employee because of the employee's "race, color, religion, sex, or national origin."[38] "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination."[39]

Based on Plaintiff's current allegations, Eleventh Circuit precedent squarely forecloses his discriminatory termination claim based on Defendant's enforcement of its hair length standards. As "a general matter, Title VII protects persons in covered categories with respect to their immutable characteristics, but not their cultural practices."[40] "So for example, discrimination on the basis of black hair texture (an

---

[37] *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).
[38] 42 U.S.C. § 2000e-2(a)(1).
[39] *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (citation and internal quotation marks omitted).
[40] *EEOC v. Catastrophe Mgmt. Solutions*, 852 F.3d 1018, 1030 (11th Cir. 2016).

immutable characteristic) is prohibited by Title VII, while adverse action on the basis of black hairstyle (a mutable choice) is not."[41]

Plaintiff claims Defendant unlawfully terminated him because of his hair length and style, a mutable choice that is not actionable under Title VII. Plaintiff makes no allegation, nor can the Court reasonably infer from Plaintiff's allegations, that Defendant selectively enforced its race-neutral policy, implemented the policy in a discriminatory fashion, or treated similarly situated employees outside of Plaintiff's protected class more favorably than he was treated. Thus, Plaintiff fails to state a claim for discriminatory termination.

2. <u>Disparate Impact</u>

Plaintiff also asserts that Defendant's policy has a disparate impact on African Americans. But Plaintiff also fails to sufficiently state such a claim.[42] Disparate impact claims challenge "practices that have a disproportionately adverse effect on [a protected group] and are otherwise unjustified by a legitimate rationale."[43] The disparate impact

---

[41] *Id.* (citing with approval *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976) (en banc), which recognized a claim for racial discrimination based on the plaintiff's allegation that she was denied a promotion because she wore her hair in a natural afro).

[42] The Court is unpersuaded by Defendant's argument that Plaintiff's disparate impact claim must be dismissed for failure to exhaust his administrative remedies. Although Plaintiff does not specifically mention "disparate impact" or refer to any "facially neutral policy," the Court is mindful that "the scope of an EEOC charge should be liberally construed" and finds Plaintiff's disparate impact claim "can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Human Resources*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[T]he proper inquiry [of the scope of an EEOC charge] is whether the claims in a judicial complaint are like, related to, or grow out of the allegations contained in the EEOC charge.").

[43] *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524-25 (2015) (internal quotations omitted).

provision in Title VII makes it unlawful for an employer to "limit, segregate, or classify his employees … in any way which would deprive … any individual or employment opportunities … because of such individual's race[.]"[44] To establish a prima facie disparate impact claim, a plaintiff show (1) a "facially neutral employment practice," (2) "an identified statistical disparity" for a protected group, and (3) a causal connection.

Here, Plaintiff simply asserts, in conclusory fashion, that Defendant's policy has a disparate impact on African Americans. He alleges no specific facts sufficient to show that Defendant's race-neutral guidelines disproportionately affect African Americans.

3. <u>Leave to Amend Complaint</u>

The Eleventh Circuit Court of Appeals has instructed that "[w]hen a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."[45] Given Plaintiff's *pro se* status, the Court will afford him an opportunity to amend his Complaint to state viable claims for discriminatory termination and disparate impact.

B. <u>Retaliation Claim</u>

Plaintiff has sufficiently stated a claim for retaliation. Title VII's retaliation provision makes it unlawful for an employer to retaliate against an employee because the employee "has opposed any practice made an unlawful employment practice by this

---

[44] 42 U.S.C. § 2000e-2(a)(2).
[45] *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).

subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[46] Additionally, to prove Plaintiff was discharged in retaliation for complaining to human resources of discriminatory treatment, Plaintiff must show (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) a causal relationship exists between his protected activity (complaining to human resources) and the adverse action (his termination).[47] The protected activity must be the "but-for" cause of the adverse employment action.[48] Although Plaintiff is not required to specifically plead these requirements in his Complaint, he must provide enough factual matter (taken as true) to suggest retaliation.

Defendant does not dispute that Plaintiff sufficiently alleges he engaged in statutorily protected activity, and he suffered a materially adverse action. Defendant contends Plaintiff fails to sufficiently allege a causal connection. The Court disagrees. Plaintiff contends he has had an afro hairstyle the entire time he has worked with Navicent, and the record reflects over the previous two years, Plaintiff's manager had spoken to him "on at least 4 or more occasions citing his hair and facial hair was outside of [Navicent's] Personal Appearance Standards and he needs to adhere to the policy," but no allegations show Plaintiff was warned he would be terminated or otherwise disciplined

---

[46] *Id.* § 2000e-3(a).
[47] *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).
[48] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

for failing to abide by the policy.[49] And yet Plaintiff was terminated only four days after he complained the Guidelines were discriminatory. Defendant contends no causal connection exists because Plaintiff's manager warned him six days before he complained that he could not return to work until he complied with the hair length policy. The Eleventh Circuit has held "that, in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not suffice to show causation."[50] But Plaintiff was not warned he would be terminated until after he complained about the Guidelines, and there are more factual allegations than mere temporal proximity to support causation. Thus, the Court finds Plaintiff has sufficiently stated a claim for retaliation.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [Doc. 4] is **GRANTED in part and DENIED in part**. Plaintiff has sufficiently stated a claim for retaliation, but he has failed to sufficiently state claims for disparate treatment or disparate impact.

---

[49] Doc. 1-2, p. 12.
[50] *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) (citations omitted).

Because Plaintiff is *pro se*, the Court must afford him an opportunity to amend his Complaint to state viable claims for disparate treatment and disparate impact.[51] Thus, <u>Plaintiff may file an amended complaint within thirty (30) days of the date of this Order.</u> Any amended complaint will take the place of and supersede Plaintiff's original complaint.[52] Thus, if Plaintiff files an amended complaint, Plaintiff must include <u>all</u> claims, including his retaliation claim, in the amended complaint.

Plaintiff's failure to file an amended complaint will result in the dismissal of his discriminatory termination and disparate impact claims; his retaliation claim will proceed forward.

**SO ORDERED**, this 17th day of September, 2024.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[51] *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).
[52] *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).