IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MATTHEW WARREN BRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:23-CV-447 (CAR) |
| | : | |
| THE MEDICAL CENTER NAVICENT | : | |
| HEALTH, | : | |
| | : | |
| Defendant. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is *pro se* Plaintiff Matthew Warren Bright's Motion for Reconsideration of the Court's Order [Doc. 28] granting Defendant The Medical Center Navicent Health's ("Navicent") Motion for Summary Judgment on Plaintiff's employment discrimination and retaliations claims that Navicent unlawfully terminated him based on his race for failure to comply with Navicent's "hair height policy"—a policy he claims resulted in a disparate impact to African Americans—and in retaliation for his complaint the policy was discriminatory. For the reasons discussed below, Petitioner's Motion [Doc. 29] is **DENIED**.

### STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon

1

motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the

---

[1] Fed. R. Civ. P. 59(e).
[2] M.D. Ga., L.R. 7.6.
[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).
[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).
[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993).

parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[7]

Plaintiff seeks for this Court to reconsider its order granting Defendant summary judgment on his retaliation claim.[8] In its Order, the Court assumed Plaintiff's January 12, 2021 complaint that the hair policy was discriminatory constituted protective activity and found Plaintiff failed to establish a genuine issue of material fact that his termination was caused by his complaint as opposed to his failure to adhere to the hair policy. Navicent warned Plaintiff on January 8, 2021, four days before Plaintiff complained that he believed the policy was discriminatory, that he could not return to work until he complied. Thus, because Navicent contemplated an adverse employment action before Plaintiff engaged in protected activity, he could not rely on the temporal proximity between his complaint on January 12, 2021, and his termination on January 18, 2021, to establish causation.[9] And because Plaintiff pointed to no other facts establishing the cause for his termination was anything other than his failure to bind his hair to comply with

---

[7] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).

[8] Motion for Reconsideration, pp. 1-2 [Doc. 29] ("In consideration to not waste this Court's time and patience, the plaintiff accepts this Court's Order granting summery judgment to Defendant regarding his Disparate Treatment/Disparate Impact claim **ONLY**. Plaintiff chooses to focus his efforts on his remaining retaliation claim and will provide sufficient evidence to support this Court's reconsideration of its decision.").

[9] Order, pp. 18-19 (citing *Drago v. Jene*, 453 F.3d 1301, 1308 (11th Cir. 2006); *see also Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1233 (11th Cir. 2006); *Gooden v. Internal Revenue Serv.*, 679 F. App'x 958, 968 (11th Cir. 2017).

the policy, the Court granted summary judgment on his retaliation claim in favor of Navicent.

Plaintiff contends this Court gave "improper significance" to Defendant's January 8, 2021 email.[10] Plaintiff contends the Court erred because the email did not explicitly state that failure to comply with hair policy would result in his termination. But the email stated he could not return to work unless he complied with the policy. Thus, Navicent contemplated termination before he engaged in any protected activity.

Plaintiff also submitted additional text messages and an email in an attempt to establish Navicent's reasons for his termination were merely pretext for retaliation.[11] First, this evidence is not newly discovered and was available to Plaintiff well before Navicent filed its motion for summary judgment. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the [case]."[12] Second, even if the Court considered this evidence, it does not change the result. As this Court stated in its Order,

> [t]he record makes clear Plaintiff's reprimand on January 8, 2021, demotion on January 14, 2021, and termination on January 18, 2021, were not retaliatory, but instead were consequences of his repeated and acknowledged failure to comply with the [policy]—a policy he was aware of, had been previously warned about, and in which he previously

---

[10] *Id.* at p. 2.
[11] Doc. 30-1 at pp. 1-7.
[12] *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

complied with on multiple occasions. At the time of his termination, Plaintiff admitted he "was not in compliance with the … policy" and understood "if [he] did not bind [his] hair that [he] would be discharged." Plaintiff also admitted that Infection Control was beginning to pressure his supervisor which led to the warning on January 8, 2021, that he would not be permitted to return to work unless he complied with the hair policy. Plaintiff admitted "this was a different approach that they had never taken as far as telling [him] that [he] couldn't report to work," and he recognized that policy violations 'could terminate' his employment. Because his termination was contemplated before h[e] complained, Plaintiff cannot maintain his retaliation claim, and Navicent is entitled to summary judgment.[13]

Because Plaintiff attempts to relitigate matters already decided, and because this case does not fall into one of the three limited circumstances in which the Court may reconsider its ruling, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 29].

**SO ORDERED,** this 4th day of December, 2025.

s/ C. Ashley Royal_____  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[13] Order, p. 19.